UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

RE: *Sheila G. v. Saul*
Civil No. DLB-19-3549

Dear Counsel:

On December 13, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 15 ("Pl.'s Mot."); ECF 16 ("Def.'s Mot."); ECF 17 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on January 27, 2015, alleging an onset date of December 20, 2014. Administrative Transcript ("Tr.") 213-14. The SSA denied her claims initially and on reconsideration. Tr. 74, 86. An Administrative Law Judge ("ALJ") held a hearing on July 11, 2018. Tr. 22-66. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act until May 28, 2018, at which point plaintiff became an individual of advanced age and disabled under the facts and circumstances of her claim. Tr. 91-103. The Appeals Council found plaintiff became an individual of advanced age on August 15, 2018. Tr. 5-7. The Appeals Council adopted the ALJ's opinion as to the period between plaintiff's alleged onset date and August 15, 2018. Tr. 5-7. Because the Appeals Council denied plaintiff's request for review as to the period between her alleged onset date and August 15, 2018, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 4-7; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "rheumatoid arthritis and depression." Tr. 93. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

*Sheila G. v. Saul*
Civil No. DLB-19-3549
March 31, 2021
Page 2

> Perform light work as defined in 20 C.F.R. 404.1567(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; frequent bilateral handling, grasping, or fingering; work limited to simple routine tasks in a low stress job, defined as frequent interaction with the public and frequent decision-making.[1]

Tr. 96. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as a paralegal or secretary but could perform other jobs existing in significant numbers in the national economy. Tr. 101. Therefore, the ALJ concluded plaintiff was not disabled up until May 28, 2018, when plaintiff became an individual of advanced age. Tr. 103. As explained above, the Appeals Council ultimately amended plaintiff's date of disability to August 15, 2018. Tr. 4-7.

On appeal, plaintiff argues that the ALJ's step-three determination is unsupported by substantial evidence and that the ALJ's decision fails to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I agree that the ALJ's decision does not comply with the requirements of *Mascio v. Colvin*. Accordingly, I remand but express no opinion as to plaintiff's ultimate entitlement to benefits.

In *Mascio*, the Fourth Circuit remanded for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. The ability to concentrate, persist, or maintain pace is one of four broad functional areas that an ALJ is required to consider when evaluating a claimant's mental impairments.[2] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. § 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assigns a rating based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id*. § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the ALJ's determination that the claimant had moderate difficulties in maintaining CPP at step three. 780 F.3d at 637-38. The Fourth Circuit specifically held that an "ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question

---

[1] The Court assumes the ALJ intended to communicate that "low stress jobs" *do not* involve frequent interaction or decision-making.

[1] The other three areas are: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Sheila G. v. Saul*
Civil No. DLB-19-3549
March 31, 2021
Page 3

to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*. The Court recently observed that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

In this case, the ALJ found that plaintiff had a moderate CPP limitation at step three. Tr. 96. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation before the established onset date. In a Function Report completed by the claimant, she reported trouble with sustaining attention and concentration. The claimant also testified that her medications cause drowsiness, though I note she denied any medication side effects in her Function Report. Additionally, Dr. Malik, the psychiatric consultative examiner, found the claimant's recall memory was normal, she was able to spell the word "world" correctly forward and backward, and she was able to execute a simple three-step command. Further, I note that the claimant has not been diagnosed with, or treated for, any attention-disorder. As such, I find that the claimant has only moderate limitation[s] in concentration, persistence, or maintaining pace.

Tr. 96 (internal citations omitted).

Plaintiff argues the above finding by the ALJ necessitates either an additional limitation in plaintiff's RFC determination or an explanation as to why the ALJ omitted such a limitation in view of plaintiff's moderate CPP limitation. Pl.'s Mot. at 18-25. The Commissioner disagrees, arguing the ALJ adequately explained her RFC determination by reference to specific portions of the medical record. Def.'s Mot. at 7-10. The Commissioner cites *Shinaberry* for support, arguing that "a limitation to simple, routine, repetitive tasks or unskilled work…is appropriate when the ALJ explains why the record evidence supports the limitation." Def.'s Mot. at 10 (internal quotation marks omitted). In her response, plaintiff argues *Shinaberry* does not control because "the evidence here does not demonstrate that [p]laintiff has retained the capacity to maintain [CPP] without accommodation." Pl.'s Resp. at 9. Because I agree with plaintiff the ALJ did not adequately explain how plaintiff could be expected to maintain CPP considering her moderate CPP limitation, I remand.

*Sheila G. v. Saul*
Civil No. DLB-19-3549
March 31, 2021
Page 4

In *Shinaberry*, the Fourth Circuit resisted the plaintiff's call for remand because the plaintiff experienced a lifelong, borderline intellectual disability during her a significant work history and medical opinions provided substantial evidence for the ALJ's RFC determination. 952 F.2d at 119. Shinaberry's condition persisted, constantly and steadily, throughout her life. *Id.* Thus, her 20-year work history as a custodian and maintenance technician provided evidence that Shinaberry could engage in simple, routine, repetitive tasks even though her borderline intellectual disability did affect her CPP capabilities. *Id.* at 122, 118. In addition to the evidence of her gainful employment while under the disability responsible for her CPP limitations, the record contained evidence from medical consultants, one of whom opined that Shinaberry "would have limits in her ability to complete a workweek in a job requiring reading and math calculation, because of her weakness in her processing skills…[and] that her concentration and task persistence were adequate…." *Id.* at 122. Other evidence in the record from the psychological consultants' mental assessments suggested Shinaberry would be limited with respect to complex tasks. *Id.* at 121-22. The Fourth Circuit ultimately concluded, "[U]nlike in *Mascio*, the ALJ in this case addressed Shinaberry's lifelong, borderline intellectual disability, including her moderate limitations in [CPP]." *Id.* at 122. Thus, in *Shinaberry*, the ALJ *did* account for the plaintiff's moderate CPP limitation with a nonexertional RFC limited to "jobs requiring only simple, routine, repetitive tasks" because the plaintiff's limitation was directly related to the complexity of the task. *Id.* at 120.

While I agree with the Commissioner that *Shinaberry* instructs that no per se rule demands another limitation in plaintiff's RFC determination here, I disagree with the Commissioner that the present case is analogous to *Shinaberry*. *See* Def.'s Mot. at 10, 8. Here, the ALJ did not cite evidence in the record suggesting that plaintiff's moderate CPP limitation did not affect her ability to maintain CPP in a certain work setting. *See* Tr. 98-101. The Commissioner likewise does not point to a medical opinion in the record that would both explain and provide substantial evidence for the ALJ's RFC determination in light of plaintiff's CPP limitations. *See* Def.'s Mot. at 8-10. Rather, the ALJ and the Commissioner seem to reason that the evidence in the record suggests plaintiff did not really experience a CPP limitation. *See* Tr. 98 ("…[W]hen considering the relatively normal findings on objective examination despite the claimant receiving only routine and conservative treatment, I find that the record does not support any greater limitations.").

Here, the ALJ herself found, after a review of the record, that plaintiff was moderately limited in CPP. *See* Tr. 96. The ALJ's later citation of evidence in the record suggesting plaintiff's limitation in CPP was something less than moderate makes the ALJ's findings, at the bare minimum, internally consistent. Phrased differently, the ALJ does not cite evidence in the record in arguing that plaintiff's moderate CPP limitation does not translate to a CPP limitation in a certain work setting, as the ALJ did in *Shinaberry*. *See Shinaberry*, 952 F.2d at 122. The ALJ here generally cites evidence in the record and contradicts her previous finding that plaintiff experienced a CPP limitation at all. "Without further explanation, I am unable to ascertain whether the ALJ truly believed [plaintiff] to have moderate difficulties in [CPP], instead of mild, or no difficulties, and how those difficulties restrict her RFC to" "simple[,] routine tasks." *Brocato v. Smm'r Soc. Sec. Admin.*, No. SAG-16-2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017); Tr. 96. Accordingly, remand is appropriate.

*Sheila G. v. Saul*
Civil No. DLB-19-3549
March 31, 2021
Page 5

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 15, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                                 Sincerely yours,

                                                 /s/

                                               Deborah L. Boardman
                                               United States Magistrate Judge